IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

YUSEF RHONE, GT-1688, )
    Petitioner, )
     )
    v. ) 2:13-cv-760
     )
COMMONWEALTH OF PENNSYLVANIA, )
et al., )
    Respondents. )

REPORT and RECOMMENDATION

I.  Recommendation:

It is respectfully recommended that the respondent's motion to dismiss (ECF 11) be granted as the instant petition is time barred, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II.  Report:

Yusef Rhone an inmate at the State Correctional Institution at Albion has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. Rhone is presently serving a life sentence imposed following his conviction by a jury of criminal homicide and criminal conspiracy at No. CP-02-CR-15163-2005 in the Court of Common Pleas of Allegheny County, Pennsylvania.[1] This sentence was imposed on July 24, 2006.[2]

An appeal to the Superior Court was filed and on July 17, 2008, the Superior Court affirmed the judgment of sentence.[3] A petition for allowance of appeal to the Pennsylvania Supreme Court was filed and on April 22, 2009 leave to appeal was denied.[4]

On January 7, 2010 a post-conviction petition was filed and it was dismissed on January 5, 2011.[5] An appeal to the Superior Court was filed and on November 9, 2011, the denial of post-

---

[1] The petitioner and his brother Joseph were tried together and jointly convicted.
[2] See: Petition at ¶¶1-6.
[3] See: PP. 59-84 of the motion to dismiss
[4] Id. at p.132.
[5] Id. at pp. 166.

1

conviction relief was affirmed.[6] Leave to appeal was denied by the Pennsylvania Supreme Court on June 1, 2012.[7] The instant petition was executed on May 28, 2013 and received in this Court on June 4, 2013.

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, leave to appeal to the Pennsylvania Supreme Court was denied on April 22, 2009 and certiorari was not sought. Thus his conviction became final on July 21, 2009 when the time in which to seek such review expired. Gonzalez v. Thaler, 132 S.Ct. 641 (2012). The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief until January 7, 2010 or almost six months after his conviction became final. That petition was denied; the denial of post-conviction relief was affirmed by the Superior Court on November 9, 2011 and leave to appeal to the Pennsylvania Supreme Court was denied on June 1, 2012. The instant petition was executed on May 28, 2013 or almost a year after it could have been submitted. Thus, combining the delay in initially seeking post-conviction relief with the delay in seeking relief here, far in excess of the one year period in which to seek

---

[6] Id. at pp. 228-239.
[7] Id. at p. 283.

relief has expired, and the petition here is time barred unless the petitioner can demonstrate a reasonable basis for the delay.

Despite being provided with an opportunity to respond to the instant motion to dismiss the petitioner has failed to do so. Thus, we can only conclude that he cannot demonstrate any basis for his delay in seeking relief here and his petition is subject to dismissal as being untimely. Accordingly, it is recommended that the petition of Yusef Rhone for a writ of habeas corpus be dismissed as being untimely, and because reasonable jurists could not conclude that a basis for relief exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the District Judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Respectfully submitted,
s/ Robert C. Mitchell

Filed: September 12, 2013

United States Magistrate Judge